# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:14-CV-305-MOC-DCK

| | |
|---|---|
| JUANITA L. JONES, <br> a/k/a JUANITA L. OWENS <br><br> **Plaintiff,** <br><br> v. <br><br> J. CALVIN HILL, et al., <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) **MEMORANDUM AND** <br> ) **RECOMMENDATION** <br> ) <br> ) <br> ) <br> ) <br> ) |

**THIS MATTER IS BEFORE THE COURT** regarding Defendants' motions to dismiss (Document Nos. 17, 26, 30, 32, 37, 49, and 51). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and immediate review is appropriate. Having carefully considered the motions, the record, and applicable authority, the undersigned will respectfully recommend that the motions to dismiss be <u>granted</u>.

## BACKGROUND

Plaintiff Juanita L. Jones ("Plaintiff" or "Jones"), appearing *pro se*, initiated the current action ("<u>Jones II</u>") with the filing of a "Complaint" (Document No. 1) on December 8, 2014. Plaintiff later filed an "Amended Complaint" (Document No. 15) on December 29, 2014. The Amended Complaint asserts that jurisdiction here is proper pursuant to 42 U.S.C. § 1983 *et seq.* and 18 U.S.C. §§ 241 and 242. (Document No. 15, p.2). The Amended Complaint alleges that the eighteen (18) named Defendants, including several judges, the State of North Carolina, and the City of Asheville, are liable for depriving Plaintiff of real property without due process, and further

suggests that Defendants entered into a conspiracy to deprive Plaintiff of her rights. (Document No. 15).

The Amended Complaint acknowledges that Plaintiff has filed another lawsuit with the same facts that are involved in this action. (Document No. 15, p.19) (citing Juanita L. Jones a/k/a Juanita L. Owens v. J. Calvin Hill, et al., 1:13cv328-MR-DSC ("Jones I"). In Jones I, this Court noted that the lawsuit sprang from a boundary line dispute that was litigated in Buncombe County District Court, Charles E. Barnard and Annie M. Barnard v. Juanita L. Jones a/k/a Juanita L. Owens, Buncombe County File No. 12 CVD 2491. Jones, 2014 WL 4854748, at *1.

In the underlying state court action, Barnard v. Jones, Judge Samuel A. Cathey, after conducting a trial on all issues, found that Jones had erected a fence encroaching upon the real property of her neighbors, Charles and Annie Barnard (the "Barnards"). Id. Judge Cathey dismissed Jones' counterclaim for adverse possession and permanently enjoined her from coming onto the Barnard's property or "directly or indirectly harassing, contacting, bothering, cussing, name calling or interfering with [them]." Id. Judge Cathey also awarded the Barnards $482 in damages plus costs. Id.

Jones I appears to have involved essentially the same claims and issues, and most of the same defendants, as the instant action, Jones II. The undersigned observes that the Honorable Martin Reidinger adopted a Memorandum And Recommendation ("M&R") by the Honorable David S. Cayer on September 30, 2014, dismissing Jones I. See Jones, 1:13cv328-MR-DSC, 2014 WL 4854748 (W.D.N.C. Sept. 30, 2014). Specifically, this Court held that: (1) the Rooker-Feldman doctrine barred Plaintiff from attacking state court judgments in federal court; and (2) that Plaintiff did not have a private right of action under federal criminal statutes 18 U.S.C. §§ 241 and 242. Jones, 2014 WL 4854748, at *3. The undersigned notes that Plaintiff Jones did not

object to the M&R in Jones I, nor did she appeal Judge Reidinger's final decision to the Fourth Circuit Court of Appeals.

Defendants in the instant action now all seek dismissal of the "Amended Complaint" (Document No. 15). See (Document Nos. 17, 26, 30, 32, 37, 49, and 51). The pending motions primarily seek dismissal pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), although additional grounds for dismissal are asserted by some Defendants. Id. Plaintiff's "Memorandum Law In Opposition To Dismiss All Defendants" (Document No. 43) was filed on January 26, 2015. Despite the Court's "Order" (Document No. 54) *sua sponte* allowing Plaintiff additional time to file a response to the most recent motions to dismiss (Document Nos. 49 and 51), Plaintiff has failed to file a timely response to those motions.

The pending motions are now ripe for review and a recommended disposition to the Honorable Max O. Cogburn, Jr.

**STANDARD OF REVIEW**

The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is

entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint

4

in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

## DISCUSSION

In short, the undersigned finds the seven (7) pending motions to dismiss persuasive. (Document Nos. 17, 26, 30, 32, 37, 49, and 51). These motions are compelling both for their sound reasoning and legal authority individually, and for their collective consistency. Id.

This Court recently outlined what would be required for Plaintiff's claims to survive:

> The thrust of her Amended Complaint is that she believes she was deprived of real property without Due Process of law by those acting under color of state law. Such a claim is brought under the Civil Rights Act of 1964, 42 U.S.C. § 1983 *et seq.*, and typically involves allegations that (1) state actors, (2) acting under color of state of law, (3) took property, (4) without Due Process, in violation of protections afforded the Fifth and Fourteenth Amendments. **The critical information that is necessary for such a claim to survive, to wit, "allegations of plausible facts," must focus on those elements**.

(Document No. 45, p.3 (emphasis added).

Despite the guidance provided by this Court in both Jones I and Jones II, Plaintiff appears to insist on pursuing her claims without providing sufficient factual support or legal authority. In particular, Plaintiff's response in opposition to several of the pending motions to dismiss fails to address *any* of Defendants' arguments, and appears to have abandoned a claim under § 1983, rather than offer support for such a claim. (Document No. 43). Plaintiff re-asserts her claim(s) under 18 U.S.C. §§ 241 and 242, even though this Court unequivocally ruled in Jones I that she had no private right of action pursuant to those criminal statutes. See (Document No. 43, pp.1,19) and Jones, 2014 WL 4854748, at *3. Plaintiff's brief in opposition also clarifies that she is continuing

5

to attack underlying state court actions, even though Jones I also instructed her that such attacks are barred under the Rooker-Feldman doctrine. Id.

The undersigned will briefly summarize Defendants' main arguments.

### A. Lack of Jurisdiction Pursuant to Fed.R.Civ.P. 12 (b)(1)

Plaintiff contends that she has been deprived of her real property, although she acknowledges that the purported deprivation of her property rights was pursuant to state court proceedings in Buncombe County, North Carolina. (Document No. 15). As noted above, such a claim runs afoul of the Rooker-Feldman doctrine. Jones, 2014 WL 4854748, at *3. "This doctrine provides that 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based upon the losing party's claim that the state judgment itself violates the loser's federal rights." Id. (quoting Johnson v. De Grandy, 512 U.S. 997, 1005–1006, (1994)) and (citing District of Columbia Court of Appeals v. Feldman, 460 U .S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)).

In order to grant relief to Plaintiff, this Court would have to find that the state court was in error in rendering its orders. "Under the Rooker-Feldman doctrine, lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997). The Rooker-Feldman doctrine prevents the federal court from determining that a state court judgment was erroneously entered or taking action that would render a state court judgment ineffectual. Jordahl v. Democratic Party of Virginia, 122 F.3d 192, 202 (4th Cir. 1997).

Moreover, Rooker-Feldman "bars lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the

issues that were before the state court." Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005). An issue is "inextricably intertwined" with those before the state court if "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." Plyler, 129 F.3d at 731; see also Davani v. Va. Dept. of Transp., 434 F.3d 712, 719 (4th Cir. 2006) ("A claim seeking redress for an injury caused by the state-court decision itself – even if the basis of the claim was not asserted to the state court – asks the federal district court to conduct an appellate review of the state-court decision.").

As this Court noted in dismissing Plaintiff's first action raising these claims, federal courts have held that 18 U.S.C. §§ 241 and 242 do not provide a private right of action. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) ("These criminal provisions, however, provide no basis for civil liability); see also, Christian Populist Party of Arkansas v. Sec'y of State of State of Ark., 650 F. Supp. 1205, 1214 (E.D. Ark. 1987); and Jones, 2014 WL 4854748, at *3. Accordingly, these federal criminal statutes do not provide a basis for federal subject matter jurisdiction.

**B.    Failure to State a Claim Pursuant to Fed.R.Civ.P. 12(b)(6)**

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), the facts alleged must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Here, Plaintiff asserts conclusory allegations of conspiracy and deprivation of rights without specific facts to support her claims. Even viewing Plaintiff's claim in the most favorable light, Plaintiff's broad allegations of conspiracy make no sense, and are inconsistent with other

7

undisputed facts regarding her participation in significant litigation in both state and federal court. As one Defendant stated, "her conclusions are so confusing, ambiguous, and poorly pled that it is impossible for [Defendant to] determine precisely what, if anything, Plaintiff thinks [Defendant] did wrong." (Document No. 32-1, p.9).

Plaintiff asserts jurisdiction for her claims against the state defendants pursuant to 42 U.S.C. § 1983. (Document No. 15). However, the Supreme Court has confirmed that neither States nor state officials acting in their official capacities are "persons" within the meaning of § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). Plaintiff's claims against the state defendants are claims against the State of North Carolina, which is not a person within the meaning of § 1983. "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." 491 U.S. at 66.

Furthermore, the Eleventh Amendment bars suits brought in federal district court against a state by its own citizens as well as those by citizens of other states. See Edelman v. Jordan, 415 U.S. 651, 662-63 (1974); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 98 (1984); and Atascadero State Hospital v. Scanlon, 473 U.S. 234, 240 n.2 (1985). The Eleventh Amendment also forbids actions against state officials for retroactive monetary relief. Kentucky v. Graham, 473 U.S. 159 (1985). A state may waive its sovereign immunity against suit in federal court, but such waiver must be unequivocally expressed. Pennhurst State Sch. & Hosp., 465 U.S. at 99. There has been no such waiver by the State of North Carolina.

Defendants also persuasively argue that the doctrines of *res judicata* and *collateral estoppel* preclude Plaintiff from proceeding with this action based on the Court's previous determination in Jones I. If a second suit arises out of the same cause of action as the first, *res*

*judicata* is an absolute bar, not only to each claim actually litigated in the first suit, **but also to each claim which might have been raised in the prior litigation**, even if the Plaintiff failed to do so.  First Union Commer. Corp. v. Nelson Mullins, Riley & Scarborough, 81 F.3d 1310, 1315-16 (4th Cir. 1995) (emphasis added).  Similarly, *collateral estoppel*, or issue preclusion, "precludes relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate."  Weinberger v. Tucker, 510 F.3d 486, 491 (4th Cir. 2007) (quoting Virginia Hosp. Ass'n. v. Baliles, 830 F.2d 1308, 1311 (4th Cir. 1987)).

The Federal Defendants also note that to the extent Plaintiff asserts claims against Judge Reidinger and/or other "John Doe" clerks employed by the Western District of North Carolina, such claims must be dismissed on the grounds of judicial immunity.  (Document No. 18, pp.7-8) (citing Bear v. Potter, 3:99cv348, 89 F. Supp. 2d 687, 692 (W.D.N.C. 1999);  Mireles v. Waco, 502 U.S. 9, 11-12 (1991);  King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992);  and Steinpreis v. Shook, 377 F.2d 282, 283 (4th Cir. 1967), cert. denied, 389 U.S. 1057 (1968)).  Moreover, "since the Amended Complaint alleges that Federal Defendant John Doe 1 acted in concert with Judge Reidinger, Federal Defendant John Doe 1 is entitled to derivative judicial immunity, and this case must be dismissed as to that defendant."  Id.  (citing Loftis v. County of Horry, S.C., 948 F.2d 1281, 1991 WL 249522 (4th Cir. 1991) (Clerks acting at the direction of the federal judge are entitled to derivative judicial immunity)).

As explained above, Plaintiff has failed to adequately respond to Defendants' persuasive arguments, or to otherwise support her claims with plausible facts or relevant legal authority. See (Document Nos. 15 and 43).

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendants' motions to dismiss (Document Nos. 17, 26, 30, 32, 37, 49, and 51) be **GRANTED**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: March 31, 2015

David C. Keesler
United States Magistrate Judge